UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KENNETH BROWN,

                  Plaintiff,

-against-                                      **MEMORANDUM & ORDER**
                                                                      11-CV-3584 (RRM)(RER)

MICHAEL BLOOMBERG of the City of
New York, in his individual capacity;
RAYMOND KELLY, of the Police
Department of New York, in his individual
capacity; POLICE OFFICER CECCHINI,
Shield #613 of the New York Police Dep't
107 Queens, in his individual capacity;
RICHARD BROWN of the City of New York
Queens, in his individual capacity,

                  Defendants.
------------------------------------------------------------------X
**MAUSKOPF, United States District Judge:**

      On June 3, 2011, plaintiff Kenneth Brown, then incarcerated at the Anna M. Kross Center jail on Rikers Island, commenced this action in the Southern District of New York pursuant to 42 U.S.C. § 1983. By Order dated July 20, 2011, the case was transferred to this Court.

      Plaintiff included with his request to proceed *in forma pauperis* an outdated Prisoner Authorization form which notified plaintiff that the filing fee of $250 would be deducted from his prison trust fund account in installments. Because the filing fee is $350, on August 4, 2011, the Clerk's Office sent plaintiff a letter and an updated Prisoner Authorization form requiring the return of the proper Prison Authorization form within fourteen (14) days. On August 15, 2011, the Clerk's Office letter was returned to the Court with a notation that the "inmate [had been] dis[charged]."

      It appears that plaintiff has been released from custody, but to date he has not contacted the court. More than 14 days have elapsed and plaintiff has not responded to the Clerk's Office's request or provided a change of address. When a party changes addresses, it is his obligation to notify the Court of his new address. *See Concepcion v. Ross*, No. 92 Civ. 770, 1997 WL

777943, at *1 (E.D.N.Y. Oct. 27, 1997). This rule applies to not only to represented parties but also to *pro se* litigants. *See id.*, at *1; *see also Handlin v. Garvey*, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of current address is "an obligation that rests with all *pro se* plaintiffs"). Accordingly, it is

**ORDERED, ADJUDGED AND DECREED:** That the action is dismissed without prejudice. The Warden or Superintendent is instructed not to charge plaintiff's prison trust fund account for this action as set forth in 28 U.S.C. § 1915. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to plaintiff, and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       August 31, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge